IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA, BRUNSWICK DIVISION

| | |
|---|---|
| RICHARD COTTON, LENORA COTTON, SHANNON SPELL, AND CHEROKEE SPELL, Individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>SYMRISE, INC., VINCENT NOBLE, and JOHN DOE 1-3,<br><br>Defendants. | Case No. **CV 222-145** |

## NOTICE OF REMOVAL

Defendants SYMRISE, INC. and VINCENT NOBLE (collectively "Defendants"), by and through their attorneys, Swanson, Martin & Bell, LLP, pursuant to 28 U.S.C. §§1332, 1441, and 1446, files this Notice of Removal with respect to the above-captioned action, commenced and pending in the State Court of Glynn County, Georgia, Case No. CV20220307, to the United States District Court for the Southern District of Georgia for the reasons stated below:

## BACKGROUND

1. This lawsuit is a civil action within the meaning of 28 U.S.C. §§1441(a) and 1446(b).

2. On November 17, 2022, Defendants received notice of Plaintiffs' Complaint, which is attached as **Exhibit A**

3. Pursuant to 28 U.S.C. §1446(a), a copy of the state court file, is attached as **Exhibit B**.

4. Defendants' basis for removal to federal court is diversity of jurisdiction pursuant to 28 U.S.C. §1332 because: (1) there is complete diversity of citizenship between Plaintiffs and

Symrise, Inc. ("Symrise"); (2) the citizenship of Defendant Vincent Noble can be ignored as he was fraudulent joined to this litigation[1]; and (3) the amount in controversy, exclusive of interest and costs, exceeds seventy-five thousand dollars ($75,000.00).

5. This Notice of Removal is timely filed with this Court within thirty (30) days after Defendants received the first pleading "or other paper" from which the removable nature of this case was first ascertainable by Defendants. 28 U.S.C. §1446(b)(3).

6. As required by 28 U.S.C. §1446(d), a copy of this Notice of Removal was served upon Plaintiffs, by and through their attorney of record, and was filed with the Clerk of the State Court of Glynn County, Georgia.

7. By filing a Notice of Removal in this matter, Defendants do not waive their rights to object to jurisdiction over the person, or venue, and the expiration of the applicable statute of limitations, and they specifically reserve the right to assert any other defenses and/or objections to which they may be entitled as a matter of law or equity.

## **VENUE**

8. This lawsuit may be removed to the United States District Court for the Southern District of Georgia pursuant to 28 U.S.C, § 1332(a)(1) and 1441(a).

9. The United States District Court for the Southern District of Georgia, Brunswick Division is the federal judicial district encompassing the State Court of Glynn County, Georgia, where this suit was originally filed. *See* 28 U.S.C. § 90(c)(5).

---

[1] "A caveat to the strict requirements of removal is that 'nominal or formal parties, unknown defendants and defendants fraudulently joined may be disregarded" in determining the removing defendants' compliance with § 1446(a).'" *Miller v. R.J. Reynolds Tobacco Co., Inc.*, 502 F. Supp. 2d 1265, 1268 (S.D. Fla. 2007). Further, Plaintiffs admit that John Doe 1-3 "are individuals whose … addresses of residence are unknown." Exhibit A, ¶ 5. Thus, their citizenship may properly be disregarded in determining diversity jurisdiction.

**DIVERSITY OF CITIZENSHIP**

10. This Court has original jurisdiction of this matter under the provisions of 28 U.S.C. § 1332 as all *properly joined* parties are diverse, and the action may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441.

11. Plaintiffs (including the putative class members) are each residents of Glynn County, Georgia. (Exhibit A at ¶¶ 1, 6, 8).

12. Defendant, Symrise, is a foreign corporation. (*See* Declaration of Jens Obermueller, attached as **Exhibit C**). For the purposes of diversity jurisdiction, a corporation is deemed a "citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332 (c)(1); *see also Beasley Forest Products, Inc. v. N. Clearing, Inc.*, 515 F. Supp. 3d 1367, 1371 (S.D. Ga. 2021) ("A corporation's principal place of business is determined by looking at the 'total activities' of the corporation"); *see also Daughetee v. Chr. Hansen, Inc.*, 960 F. Supp. 2d 849, 853 (N.D. Iowa 2013) ("Defendant Symrise, Inc. … is a New Jersey corporation with its principal place of business outside of Iowa or New Mexico").

13. As shown in Exhibit C, Symrise is a corporation organized under the laws of the State of New Jersey with its principal place of business in New Jersey. Therefore, Symrise is a citizen of New Jersey for purposes of establishing diversity jurisdiction. *See Beasley Forest Products, Inc.*, 515 F. Supp. 3d at 1371.

14. Accordingly, complete diversity exists between Plaintiffs and Symrise because Plaintiffs are citizens of Georgia and Symrise is a citizen of New Jersey. 28 U.S.C. § 1332, 1441.

15. The citizenship of Vincent Noble is properly ignored for purposes of determining diversity jurisdiction in the present action because Vincent Noble is fraudulently joined. *See Henderson v. Washington Nat. Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006) ("When a plaintiff names a non-diverse defendant solely in order to defeat federal diversity jurisdiction, the district court must ignore the presence of the non-diverse defendant and deny any motion to remand the matter back to state court").

16. A defendant is fraudulently joined and its presence in the federal lawsuit is ignored for purposes of determining diversity where "either: (1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997); *see also Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998) ("The determination of whether a resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties").

17. Plaintiffs brought a single claim of negligence against Vincent Noble under Georgia law. *See* Exhibit A at ¶¶ 32-26. As is explained more fully below, this claim exists solely in an attempt to prevent the removal of this litigation to Federal Court.

18. Specifically, Vincent Noble was not involved in operations associated with the manufacturing process of pinane hydroperoxide in the area of the Plant where the fire occurred; nor was he aware of any leaks or improper handling of chemicals within that area. (*See* Declaration of Vincent Noble attached hereto as **Exhibit D**).

19. Further, Vincent Noble was not tasked with making safety policy or developing any safety training on behalf of Symrise. (*See* Exhibit D).

20. Given the absence of any facts connecting Vincent Noble to the November 7, 2022 fire at the Plant, it is clear that Vincent Noble was joined as a defendant (as opposed to other employees) based on his Georgia citizenship in an effort to defeat diversity jurisdiction.

21. Thus, Plaintiffs have no possibility of establishing a claim for negligence against Vincent Noble.

A. **Factual Background**

22. Symrise owns and operates a fragrance manufacturing plant in Brunswick, Georgia located on Colonel's Island (the "Plant").

23. The Plant consists of multiple designated areas including an area known as "Area 5." (*See* Exhibit D, ¶ 5). Area 5 consists of *inter alia* three reactors (R501, R502, and R503), which are utilized in the manufacturing process of pinane hydroperoxide. (*See id.* at ¶ 6).

24. On November 7, 2022, a fire ignited within Area 5 of the Plant. (Exhibit A, ¶ 17; *see also* Exhibit D, ¶ 14).

25. Vincent Noble is a maintenance superintendent at the Plant and is a Georgia resident. (Exhibit D, ¶¶ 1-2). As a maintenance supervisor, Vincent Noble works underneath the Maintenance Director. (Exhibit D, ¶ 4). Maintenance supervisors, such as Vincent Noble, do not create or establish on behalf of Symrise policies pertaining to Plant safety and maintenance. (*See id.* at ¶¶ 7-8). Nor does Vincent Noble develop safety training related to the operation of the Plant. (*See id.* at ¶ 9).

26. Vincent Noble has no involvement in the operation of the Plant processes that take place within Area 5. (Exhibit D, ¶ 10).

27. Vincent Noble was not present on site at the Plant at the time the fire ignited on November 7, 2022 and had not been present at the Plant for approximately 10 days. (Exhibit D, ¶

5

14). Accordingly, he was unaware of any facts or circumstances relating to the fire, its cause and origin, or anything connecting the fire to the scope of his duties and responsibilities as maintenance supervisor at the Plant. (Exhibit D, ¶¶ 15-17).

**B. Plaintiff has not and cannot establish a cause of action for negligence under Georgia law against Vincent Noble.**

28. In evaluating whether Vincent Noble was fraudulently joined to defeat removal of this litigation, this Court must determine whether "there is no possibility" that the Plaintiffs can prove a cause of action for negligence against Vincent Noble under Georgia law. *See Manley v. Ford Motor Co.*, 17 F. Supp. 3d 1375, 1381 (N.D. Ga. 2014).

29. Under Georgia law, "[t]o state a cause of action for negligence, a plaintiff must establish the following essential elements: (1) a legal duty; (2) a breach of this duty; (3) an injury; and (4) a causal connection between the breach and the injury." *Cabrera v. Ellis*, 358 Ga. App. 396, 397–98 (2021) (quotations omitted).

30. Further, under Georgia law, while it is well-settled that employers are liable for the torts committed by their employees within the scope of their employment (*see Piedmont Hosp., Inc. v. Palladino*, 276 Ga. 612, 613 (2003)), "the doctrine of vicarious liability does not make the agent liable for the acts of the principal." *Leal v. Hobbs*, 245 Ga. App. 443, 445 (2000); *see also Mullinax v. Miller*, 242 Ga. App. 811, 815, 531 S.E.2d 390, 393 (2000) (court found no support in logic or in law for plaintiffs attempt to "hold the agent [] liable for the acts of the principal").

31. Under the fraudulent joinder doctrine, a defendant's right of removal premised on diversity cannot be defeated by the presence of nondiverse defendants if "there is no possibility that the plaintiff can establish any cause of action against that defendant." *Tillman v. R.J. Reynolds Tobacco*, 253 F.3d 1302, 1305 (11th Cir. 2001). The doctrine prevents plaintiffs from alleging

6

cases against nondiverse defendants solely to defeat diversity jurisdiction. *See Manley v. Ford Motor Co.*, 17 F. Supp. 3d 1375, 1381 (N.D. Ga. 2014).

> 1. <u>*The allegations in Plaintiffs' Complaint are insufficient to establish a claim for negligence against Vincent Noble.*</u>

32. Plaintiffs have no possibility of establishing a cause of action against Vincent Noble under Georgia law because their negligence claim has no basis in actual facts.

33. The only facts specifically alleged against Vincent Noble contained in Plaintiffs' Complaint include 1) that Vincent Noble is a resident Brunswick, Georgia (Exhibit A, ¶ 4); 2) that he is a maintenance supervisor at the Plant (*see id.* at ¶ 15); and 3) that he is responsible for maintaining the Plant in a safe and operable condition (*see id.*). The remainder of the allegations against Vincent Noble tellingly apply to both Symrise and Vincent Noble. *See Miller*, 242 Ga. App. at 815 (Plaintiffs cannot establish liability against Vincent Noble for the alleged acts of Symrise).

34. Plaintiffs pleaded no facts specific to Vincent Noble sufficient to establish that he owed any legal duty owed to Plaintiffs, or facts relating to any specific acts or omissions (*i.e.*, maintenance-related or otherwise) constituting a breach of such duty that caused the injuries of which Plaintiffs complain. *Sheaffer v. Marriott Int'l, Inc.*, 349 Ga. App. 338, 340 (2019) ("In the absence of a legally cognizable duty, there can be no fault or negligence") (internal quotations omitted).

35. Rather, Count III (entitled "negligence") contains only conclusory allegations against Vincent Noble reciting the bare elements of negligence under Georgia law (*i.e.*, duty, breach, causation, and damages). *See Cabrera*, 358 Ga. App. at 397–98.

36. As discussed in Section B., 2., *infra*, Plaintiffs' broad, vague, and conclusory allegations against Vincent Noble have no possibility of establishing a cause of action against him due to the lack of any facts connecting Vincent Noble to the November 7, 2022 fire at issue.

> 2. *Vincent Noble owed Plaintiffs no duty based his lack of involvement in the November 7, 2022 fire.*

37. Plaintiffs' inability to develop and plead any specific facts linking Vincent Noble to the November 7, 2022 fire is due to the fact that none exist.

38. The lack of any factual connection between the November 7, 2022 fire and Vincent Noble is illustrated by the fact that Vincent Noble was not physically present at the Plant in the **10 days** preceding the incident. (Exhibit D at ¶ 14); *see also Nix v. Wal-Mart Stores E., LP*, 2007 WL 9703188, at *2 (N.D. Ga. Apr. 4, 2007) (finding that a department manager was fraudulently joined where the manager (1) was not present at the store for the thirteen hours preceding the incident, (2) did not place or even see the condition that allegedly caused the injury at issue, and (3) did not direct or supervise any placement of the box on the riser by another employee). Despite Plaintiffs' contention that "Defendants [including Vincent Noble] had knowledge of or should have had knowledge" of alleged dangerous conditions at the Plant prior to the incident (Exhibit A, ¶ 33), it is unsurprising that Vincent Noble was unaware of 1) any leaks or improper handling of chemicals within Area 5 of the Plant; and 2) the specific point of origin or the cause of the November 7, 2022 fire. (Exhibit D, ¶ 15), given the fact that he was not physically present on site at the time of the fire.[2]

---

[2] It is unclear what the factual basis is for Plaintiffs' contention that "Defendants received numerous complaints and ha[ve] been the subject of numerous investigations by various governmental agencies as a result of complaints." (Exhibit A at ¶ 16). However, Vincent Noble is unaware of any such complaints or investigations. (Exhibit D, ¶ 13).

39. Further, contrary to the Plaintiffs' allegations, Vincent Noble was neither involved in the creation or adoption of safety policies nor the development of safety training relating to the operation of the Plant. (Exhibit D, ¶¶ 7-8). In fact, his role as a maintenance supervisor had nothing to do with operating the manufacturing process that took place within Area 5. (*See* Exhibit D, ¶ 10).

40. Thus, Vincent Noble had neither notice nor a role or responsibility through his employment at the Plant sufficient to give rise to a duty owed to the Plaintiffs. *See Sheaffer*, 349 Ga. App. at 340. In the absence of a duty owed to Plaintiffs, Vincent Noble cannot be held liable under a theory of negligence. *See id.* For these reasons, Plaintiffs have no "possibility of establishing" a claim for negligence against Vincent Noble. Thus, Vincent Noble's citizenship is properly ignored for purposes of determining diversity jurisdiction in the present action based on his fraudulent joinder. *See Henderson*, 454 F.3d at 1281.

## AMOUNT IN CONTROVERSY

41. While not specifically pleaded, based on the allegations in Plaintiffs' Complaint, it appears that the amount in controversy exceeds $75,000.00 exclusive of interest and costs.[3] (Ex. A, p. 1); 28 U.S.C. § 1446(c)(2)(A)(ii) ("the notice of removal may assert the amount in controversy if the initial pleading seeks … a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded"); *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014) ("when a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court").

---

[3] Symrise does not believe that the amount in controversy exceeds the $5 million threshold to utilize the Class Action Fairness Act of 2005 (CAFA) as a basis for removal. *See* 28 U.S.C. § 1332(d)(2). However, should facts develop that impact the amount in controversy, Symrise reserves the right to include the pertinent provisions of CAFA as a basis for removal.

9

## THE PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

42.     A notice of removal must be filed within thirty days after the formal service of original process on a defendant. 28 U.S.C. § 1446(b)(1); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354, (1999).

43.     This removal is timely because it is filed within thirty days of service of process on the Defendants. (*See* Exhibit B.)

44.     Removal pursuant to 28 U.S.C. § 1441(a) requires that "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).

45.     There are two known Defendants in this action. *See* n.1, *supra*. Symrise is moving for removal. Vincent Noble consents to removal; though, his consent is not required because he is fraudulently joined. *Burnsed v. Peachtree Hous. Communities II, LLC*, 2020 WL 13526669, at *4 (N.D. Ga. Jan. 28, 2020) (court recognized that "consent to removal is not necessary where there is fraudulent joinder").

46.     Pursuant to 28 U.S.C. § 1446(a), copies of all pleadings and other papers served upon Symrise are attached hereto as Exhibit B.

47.     Symrise is providing Plaintiff with written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d).

48.     Pursuant to 28 U.S.C. § 1446(a), a copy of this Notice of Removal is being served on Plaintiff and filed with the State Court of Glynn County, Georgia.

49.     No previous application has been made for the relief requested herein.

50.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action in which the amount in controversy exceeds $75,000, exclusive of interest and

10

costs, and is an action (when counting properly joined defendants) between citizens of different states.

### RESERVATIONS AND REQUEST FOR ORAL ARGUMENT

51.     If any question arises as to the propriety of the removal of this action, Symrise respectfully request the opportunity to present a brief, evidence, and oral argument in support of their position that this case is removable.

52.     Nothing in this Notice of Removal shall be interpreted as a waiver, estoppel, preclusion, or relinquishment of the Defendants' ability or right to assert any claim, counterclaim, crossclaim, third-party claim, defense, or affirmative matter, including, but not limited to, (1) lack of personal jurisdiction; (2) improper venue; (3) insufficiency of process; (4) insufficiency and/or failure of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) failure to join an indispensable party; (8) standing; (9) waiver; (10) failure to exhaust administrative remedies; or (11) any other pertinent claim or defense available under Rule 12 of the Federal Rules of Civil Procedure, any state or federal statute, or otherwise.

WHEREFORE, Defendants, SYMRISE, INC. and VINCENT NOBLE hereby file this Notice of Removal so that the entire State Court action, Case No. CV20220307, now pending in the State Court of Glynn County, Georgia, be removed to the United States District Court for the Southern District of Georgia for all further proceedings.

*[signature on following page]*

Respectfully submitted this 19th day of December 2022.

                                FISHERBROYLES, LLP

                                ***/s/ R. Bates Lovett***
                                R. Bates Lovett, Esq.
                                Georgia Bar No. 459568

2 East Bryan Street, 4th Floor
Savannah, GA 31401
(912) 236-0261 (telephone)
bates.lovett@fisherbroyles.com


David E. Kawala – PRO HAC VICE TO BE FILED
Jonathan W. Powell – PRO HAC VICE TO BE FILED
Swanson, Martin & Bell, LLP
330 North Wabash Avenue, Suite 3300
Chicago, Illinois 60611
(312) 321-9100
(312) 321-0990 – Fax
dkawala@smbtrials.com
jpowell@smbtrials.com

12

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA, BRUNSWICK DIVISION**

| | |
|---|---|
| RICHARD COTTON, LENORA COTTON, SHANNON SPELL, AND CHEROKEE SPELL, Individually and on behalf of all others similarly situated, | ) ) ) ) ) |
| Plaintiffs, | ) |
| v. | ) ) |
| SYMRISE, INC., VINCENT NOBLE, and JOHN DOE 1-3, | ) ) ) |
| Defendants. | ) |

Case No.  **CV222-145**

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a copy of the within and foregoing **NOTICE OF REMOVAL** upon all parties to this matter by filing with the PACER electronic filing system and via electronic mail which shall deliver same to:

Mark Tate, Esq.
Andrew A. Zemany, Esq.
Tate Law Group, LLC
25 Bull Street, 2nd Floor
Savannah, GA 31401
marktate@tatelawgroup.com
azemany@tatelawgroup.com

Brian Corry, Esq.
McQuigg, Smith & Corry, LLC
1612 Newcastle Street, Suite 211
Brunswick, GA 31520
brian@msclawga.com

This 19th day of December 2022.

FISHERBROYLES, LLP

*/s/ R. Bates Lovett*
R. Bates Lovett, Esq.
Georgia Bar No. 459568

2 East Bryan Street, 4th Floor
Savannah, GA 31401
(912) 236-0261 (telephone)
bates.lovett@fisherbroyles.com

13