# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

| | |
|---|---|
| RICHARD COTTON, LENORA COTTON, SHANNON SPELL, and CHEROKEE SPELL, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>SYMRISE, INC., VINCENT NOBLE, and JOHN DOE 1-3,<br><br>    Defendants. | CV 2:22-145 |

## ORDER

Before the Court is Plaintiffs' motion to remand, dkt. no. 4, wherein they argue the removal of this case by Defendants Symrise, Inc. and Vincent Noble was improper. Defendants have responded in opposition, dkt. no. 7, and the motion is ripe for review.

## BACKGROUND

This case arises from a fire and/or explosion at the Symrise, Inc. chemical plant in Brunswick, Georgia on November 7, 2022. Dkt. No. 1-1 ¶¶ 14, 17. In the complaint,[1] Plaintiffs allege "a huge plume of thick, black smoke and potentially dangerous/noxious

---

[1] "When considering a motion to remand, the district court accepts as true all relevant allegations contained in the complaint and construes all factual ambiguities in favor of the plaintiff." Gulf-to-Bay Anesthesiology Assocs., LLC v. UnitedHealthcare of Fla., Inc., No. 8:18-CV-233-EAK-AAS, 2018 WL 3640405, at *1 n.1 (M.D. Fla. July 20, 2018) (citing Willy v. Coastal Corp., 855 F.2d 1160, 1163-64 (5th Cir. 1988)).

fumes filled the air and spread over Glynn County, Georgia, more particularly, in the area in which the Plaintiffs reside." Id. ¶ 18. "[T]he Plaintiffs were evacuated and suffered annoyance and discomfort because of the deprivation of their unrestricted use and full enjoyment of their dwelling places." Id. ¶ 19. Plaintiffs were also "exposed to toxic chemicals/materials." Id. ¶ 20.

Plaintiffs filed their complaint against Defendants Symrise, Inc. ("Symrise"), Vincent Noble, the alleged maintenance supervisor at Symrise, and John Does 1-3 on November 9, 2022 in Glynn County State Court. Dkt. No. 1-1. Plaintiffs allege state-law claims of strict liability (Count 1); nuisance (Count 2); and negligence (Count 3). Id. at 4-6. Notably, Plaintiffs do not expressly assert the sum in controversy. Instead, they seek "actual damages occasioned by the deprivation of their unrestricted use and full enjoyment of their premises;" "compensation . . . for the annoyance and discomfort occasioned by the deprivation of their unrestricted use and full enjoyment of their premises;" and "any other and further relief as the Court may deem just and proper." Id. at 6.

On December 19, 2022, Defendants Symrise and Noble removed the case to this Court on the basis of diversity jurisdiction. Dkt. No. 1. In their notice of removal, Defendants assert the amount in controversy requirement is met, and that there is

2

complete diversity between Plaintiffs and Symrise. Id. at 1-2. Notably, Defendants contend "the citizenship of Defendant Vincent Noble can be ignored as he was fraudulent [sic] joined to this litigation." Dkt. No. 1 at 2. Indeed, Defendants spend the majority of their removal notice arguing that Plaintiffs have failed to state a claim against Noble and that he should not be a party to this lawsuit. See Dkt. No. 1.

Thus, there are two issues before the Court: whether the amount-in-controversy requirement of diversity jurisdiction is met, and, if it is, whether Noble was fraudulently joined as a defendant, such that the diversity-of-citizenship requirement of diversity jurisdiction is met.

## LEGAL AUTHORITY

Federal courts are courts of limited jurisdiction and may only hear cases that they have been authorized to hear by the Constitution or by Congress. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994); Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). A federal district court is authorized to assert its jurisdiction, however, when citizens of different states are involved and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Therefore, where the parties are diverse and the amount in controversy prerequisite is sufficient, a defendant has a right, granted by statute, to remove an action from state court and avail

3

itself of the federal court system.  28 U.S.C. § 1441; Burns, 31 F.3d at 1095.

The removing defendant, however, bears the burden of proving the existence of federal jurisdiction, Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1356 (11th Cir. 1996), and, because the jurisdiction of federal courts is limited, the Eleventh Circuit Court of Appeals favors remand of cases that have been removed where federal jurisdiction is not absolutely clear, Burns, 31 F.3d at 1095. In fact, removal statutes are to be strictly construed, with all doubts resolved in favor of remand.  Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir.1996), cert. denied, 520 U.S. 1162 (1997); Burns, 31 F.3d at 1095; see also Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941).

**DISCUSSION**

**I.   Amount in Controversy**

"The amount in controversy is measured 'on the date on which the court's diversity jurisdiction is first invoked, in this case on the date of removal.'" Creswell v. Transport Risk Solutions Risk Retention Grp., No. 1:19-cv-4632, 2020 WL 13526729, at *2 (N.D. Ga. July 16, 2020) (quoting Burt Co. v. Clarendon Nat. Ins. Co., 385 F. App'x 892, 894 (11th Cir. 2010)). "In a notice of removal, the removing party need only provide 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'"  Id. (quoting Dart Cherokee Basin

4

Operating Co., LLC v. Owens, 574 U.S. 81, 89 (2014) (citing 28 U.S.C. § 1446(a))). "However, when a non-removing party contests the amount in controversy, the removing party must show that the amount in controversy is met by a preponderance of the evidence." Id. (citing Owens, 574 U.S. at 89 (citing 28 U.S.C. § 1446(c)(2)(B))). "'In such a case, both sides submit proof, and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied.'" Id. (quoting Owens, 574 U.S. at 88). "The court may consider facts alleged in the notice of removal, judicial admissions made by the plaintiff, non-sworn letters submitted to the court, or other summary judgment-type evidence." Id. (citing Sutherland v. Glob. Equip. Co., 789 F. App'x 156, 162 (11th Cir. 2019)).

"Further, 'Eleventh Circuit precedent permits district courts to make reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable.'" Id. (quoting Clark v. LG Elecs. U.S.A., Inc., No. 1:18-CV-5574-ODE, 2019 WL 5686703, at *2 (N.D. Ga. Apr. 11, 2019) (quoting Roe v. Michelin N.A., Inc., 613 F.3d 1058, 1061–62 (11th Cir. 2010))). "'[C]ourts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements.'" Id. (quoting Roe, 613 F.3d at 1062).

To recap, Plaintiffs allege in the complaint that, as a result of a fire and/or explosion at the Symrise plant, they "were exposed to hazardous materials and/or chemical fumes," and they "were required to evacuate their dwelling places on [November 7, 2022]." Dkt. No. 1-1 ¶¶ 7, 8. Plaintiffs allege they "suffered annoyance and discomfort because of the deprivation of their unrestricted use and full enjoyment of their dwelling places." Id. ¶ 19. They seek "actual damages occasioned by the deprivation of their unrestricted use and full enjoyment of their premises" and "compensation . . . for the annoyance and discomfort occasioned by the deprivation of their unrestricted use and full enjoyment of their premises." Id. at 6.

To begin, Defendants' notice of removal contains only a simple assertion that the amount in controversy is met. See Dkt. No. 1 at 2. However, Plaintiffs' motion to remand provides no information about the specific amount of damages they seek; it argues only that Defendants have not met their burden to show an amount in controversy in excess of $75,000. See generally Dkt. No. 4.

While the notice of removal does not show, by a preponderance of the evidence, that the amount in controversy exceeds $75,000, the Defendants' response to Plaintiffs' remand motion satisfies their burden. Defendants argue "it is facially apparent from the allegations in Plaintiffs' Complaint that the amount in

6

controversy is satisfied by a preponderance of the evidence." Dkt. No. 7 at 4. They point out, "in addition to being allegedly displaced from their homes for an unspecified amount of time, Plaintiffs appear to be claiming damages for exposure (via inhalation) of dangerous/noxious fumes and toxic chemicals/materials." Id. at 6. Further, Defendants assert that, because Plaintiffs failed to plead special damages—such as medical expenses and pain and suffering—pursuant to O.C.G.A. § 9-11-9(g), they "must deduce, infer, and extrapolate the types of damages Plaintiffs will put in issue based on the allegations in their Complaint." Dkt. No. 7 at 5-6. Plaintiffs do not dispute that they are seeking special damages, including medical expenses and pain and suffering. Indeed, they filed no reply to Defendants' opposition motion.

Additionally, Plaintiffs have not denied that the amount in controversy exceeds $75,000. See Dkt. Nos. 1-4, 4. "[S]uch a refusal [to disavow] cannot—standing alone—establish the jurisdictional minimum." Ward v. Aramark Uniform & Career Apparel, Inc., No. 21-CV-60792, 2021 WL 2153301, at *3 (S.D. Fla. 2021) (noting that "a plaintiff's refusal to admit that she is not seeking damages in excess of $75,000 cannot defeat jurisdiction" but "can be considered alongside other evidence"). But the refusal to admit is not alone in this case. Although not dispositive, Plaintiffs' refusal to acknowledge the amount of damages they seek

7

also provides evidence in favor of the Court's conclusion that the amount in controversy has been satisfied.

Based on the above, and coupled with its own experience and common sense, the Court finds Defendants have shown, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.

## II. Diversity of Citizenship

From the face of the complaint, it appears the diversity-of-citizenship requirement is not met. While Defendant Symrise is a New Jersey corporation, Plaintiffs and Defendant Noble are all Georgia citizens. Dkt. No. 1-1 at 1; Dkt. No. 1-3 ¶ 4. Defendants assert in their removal notice, however, that diversity of citizenship does exist among the *properly joined* parties because, Defendants contend, Defendant Noble was fraudulently joined. Dkt. No. 1 ¶¶ 15-16. Plaintiffs offer no argument or evidence to the contrary, effectively admitting Defendants' assertions. See Dkt. No. 4.

Even if "on the face of the pleadings, there is a lack of complete diversity, an action may nevertheless be removable if the joinder of the non-diverse party . . . [was] fraudulent." Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1988). "Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." Id. The courts have recognized three situations in which joinder may be

deemed fraudulent: (1) when there is no reasonable possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant; (2) when there is outright fraud in the plaintiff's pleading of jurisdictional facts; and (3) when there is no real connection to the claim and the resident (non-diverse) defendant. Id.; see also Legg v. Wyeth, 428 F.3d 1317, 1325 (11th Cir. 2005).

As to the first type of fraudulent joinder, the type Defendants argue here, "[t]he plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a [*reasonable*] *possibility* of stating a valid cause of action in order for the joinder to be legitimate." Triggs, 154 F.3d at 1287; see also Legg, 428 F.3d at 1325 n.5 (stating that the "potential for legal liability must be reasonable, not merely theoretical" (internal quotation marks omitted)).

"The determination of whether a resident defendant has been fraudulently joined must be based upon the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties." Legg, 428 F.3d at 1322 (quoting Pacheco de Perez v. AT&T Co., 139 F.3d 1368, 1380 (11th Cir. 1998)). "The proceeding appropriate 'for resolving a claim of fraudulent joinder is similar to that used for ruling on a motion for summary judgment under [Federal Rule of Civil Procedure 56].'" Id. at 1322–23 (quoting Crowe v. Coleman, 113

F.3d 1536, 1538 (11th Cir. 1997)).  Accordingly, all *contested* issues of substantive fact and any uncertainties as to the current state of the law must be resolved in the plaintiff's favor.  See id. at 1323; see also Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989).

Here, Defendants argue in their removal notice that Plaintiffs cannot establish a cause of action for negligence against Defendant Noble because, essentially, he as the maintenance superintendent "never had the authority to create or adopt policy on behalf of Symrise pertaining to the safe operation [or maintenance] of the plant."  Dkt. No. 1-4 ¶¶ 7, 8; see also Dkt. No. 1 at 6-9.  It appears, based on the affidavit attached to Defendants' Notice of Removal, that the maintenance *director* (whom Defendants do not call by name) is the one with such authority, dkt. no. 1-4 ¶ 4, and thus one upon whom a legal duty of care is potentially imposed.

Further, Defendants present evidence that Defendant Noble "was not physically present" at Symrise on the date of the incident and "had not been physically present at the Plant for 10 days preceding the incident."  Id. ¶ 14.  Plaintiff neither argues differently nor provides evidence contrary to that shown by Defendants.  Therefore, it appears there is no reasonable possibility that Plaintiffs can prove a cause of action for negligence against Defendant Noble.

Notably, the Court finds no evidence that Plaintiffs committed any type of fraud by naming Noble as a defendant in this matter. Indeed, it is entirely possible that another Symrise employee—perhaps the maintenance director—is a proper defendant and that he or she is also a Georgia resident.

Nevertheless, based on evidence provided by Defendants, and Plaintiffs having presented no argument or evidence to the contrary, the Court concludes Noble was fraudulently joined as a defendant in this matter. Accordingly, because both the requirements for diversity jurisdiction are met, Plaintiffs' motion to remand, dkt. no. 4, is **DENIED**.

## CONCLUSION

Defendants have shown by a preponderance of the evidence that the amount-in-controversy requirement for diversity jurisdiction is met. Further, Defendants have shown that Noble was fraudulently joined in this action. As a result, Defendants have shown that diversity of citizenship between the parties exists. Both requirements for diversity jurisdiction having been met, Plaintiffs' motion to remand, dkt. no. 4, is **DENIED**.

**SO ORDERED**, this 13th day of March, 2023.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA